UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 17-11767-GAO

TRUSTEES OF THE PIPEFITTERS LOCAL 537 PENSION FUND, ANNUITY FUND, and
HEALTH & WELFARE FUND,
Plaintiffs,

v.

MECHANICAL AIR CONTROLS, INC.,
Defendant.

ORDER
March 21, 2023

O'TOOLE, D.J.

The plaintiff Trustees of the Pipefitters Local 537 Pension Fund, Annuity Fund, and Health & Welfare Fund together brought this action against the defendant Mechanical Air Controls, Inc. ("MAC") asserting claims arising under 29 U.S.C. §§ 1132 and 1145 and 29 U.S.C § 185. At issue in the parties' cross-motions for summary judgment is whether Local 537's collective bargaining agreement ("CBA") with MAC requires MAC to contribute to the benefit funds for work performed by its non-union member employees.

MAC has employed one member of the Local 537 Pipefitter Union since the early 2000s and has contributed to the union benefit funds on that employee's behalf, though MAC never signed a union collective bargaining agreement until 2014. MAC has many other employees who are not members of the union, and it has not contributed to the funds on their behalf.

In 2016, the union funds "received information that MAC employees other than [MAC's one union employee] were performing work covered by the Agreement, without contributions being paid on their behalf." (Pls.' Mem. of Law in Supp. of Their Cross-Mot. for Summ. J. & Opp.

to Def.'s Mot. for Summ. J. ("Pls.' Mem.") at 5 (dkt. no. 69).) The funds sued "to enforce MAC's obligations to submit to an audit," and later amended their complaint to "conver[t] the case to an action under ERISA to collect unpaid contributions." (Id.)

MAC moved for summary judgment in June 2020, arguing that the CBA does not require pension contributions to the benefit funds for non-union employees. (Def.'s Mem. of Law in Supp. of Its Mot. for Summ. J. at 4–5, 8–11 (dkt. no. 60).) In their cross-motion for summary judgment, the funds argue that the CBA requires fund contributions for all employees, irrespective of union membership, who perform work covered under the CBA. (Pls.' Mem. at 9–19.) According to the funds, essentially all HVAC work is so covered.

The CBA's stated purpose is to "establish and set forth rules and regulations to govern employment, wage scale, craftsmanship, qualifications and working conditions of Journeymen, Apprentices and Metal Tradesmen." (CBA at 5 (dkt. no. 59-3).) It also specifically defines the categories of "Journeymen," "Apprentices," and "Metal Tradesmen," sets their wages and hours, and mandates that an employer contribute certain amounts to the union benefit funds on behalf of each category of worker.

Article II, Section 4 defines the term "Metal Tradesman." The first sentence of that section provides that "[e]mployees who do not qualify as Journeymen or Apprentices . . . shall be considered as Metal Tradesmen and Apprentice Metal Tradesmen, as the case may be." This suggests that "Metal Tradesmen" is to be understood as a catchall category for employees who are neither Journeymen nor Apprentices.

Section 4's very next sentence, however, appears to flesh out the definition with specific detail:

> A Metal Tradesman shall mean a mechanic who has actually engaged in learning and working at the trade of installation, service, and maintenance of air

2

>conditioning and heating systems for residential, garden type apartments and condominiums consisting of three floors and a basement; installation, service and maintenance of water coolers, packaged ice makers, window air conditioners, refrigeration systems up to 25 horsepower with no limits, each system and heating and air-conditioning systems, both self-contained and split systems up to 25 tons with no limits for a period of three years or more and has proven his or her ability to perform this work to the satisfaction of the Joint Training Committee.

This second sentence raises a troubling ambiguity. It does not say that the term shall *include* employees who perform any of the enumerated tasks, which are listed only for illustrative purposes. It says that a "Metal Tradesman" *is* a worker who performs one or more of the specified tasks. The maxim *expressio unius est exclusio alterius* comes to mind. Another employee of a company like MAC who does not actually perform any of the enumerated jobs appears to fall outside what appears to be the definitional amplification in the second sentence. The definition is ambiguous; the proper understanding to be given it cannot be resolved on the motion record. Proper interpretation of the term "Metal Tradesman" will very likely require parol evidence. The issues can only be reliably resolved after a full trial.

    The defendant MAC's Motion for Summary Judgment (dkt. no. 59) and the plaintiffs' Cross-Motion for Summary Judgment (dkt. no. 68) are DENIED.

    It is SO ORDERED.

    /s/ George A. O'Toole, Jr.
    United States District Judge